Per Curiam.

It must be held on this record that landlord railed to sustain the burden of proof to warrant an eviction on the grounds of malicious damage, refusal to grant access for necessary repairs, or nuisance interfering with the safety and comfort of landlord and other tenants in the use of housing accommodations. The charges as to false complaints of forgery relate to the agent personally and may not serve as an independent ground of eviction, although admissible on the question of tenants’ intent. Such evidence, as well as that dealing with a similar forgery complaint concerning tenants ’ alleged filing of a wholly unwarranted application, for a rent decrease, was neither clear nor complete. Assuming that these charges are connected with the issue of nuisance in the use of housing accommodation, which is the basic ground for which an eviction is permissible, it would be necessary to produce the original evidence supporting them and not rely upon the testimony of interested persons. The final order in landlord’s favor is not justified on the basis of the evidence presented by her on this trial. There may be substance to her complaints, but the proof given fell short of the requirements reasonably imposed to protect tenants during this emergency period. This determination is not to be construed as a vindication of tenants’ position but simply as holding that the proof elicited was insufficient.
The final order should be reversed, with $30 costs, and final order directed in favor of tenants, with costs.
Eder, Hecht and Tilzer, JJ., concur.
Final order reversed, etc.